May it please the Court, my name is Michael Millen. I represent Keith Mason, plaintiff appellant, his wife Jennifer, and seven friends who went to Santa Barbara Community College on March 16, 2005, with the expressed intention of passing out pro-life literature, holding pro-life signs, and discussing pro-life issues with any interested passers-by. They did so in a peaceful manner. Of course, these facts were taken from the complaint, and this is a 12b-6. The difficulty that the plaintiffs have with the lower court's decision is the lower court engrafted on findings, conclusions, and beliefs that were not only not set forth in the complaint, but were not set forth in any request for judicial notice by any side, and in fact, have no basis even in fact. And so because of that, we would ask the Court to reverse the lower court's decision. The complaint itself sets forth a very simple case. The plaintiffs did what I suggested. They went out, and they were arrested under 626.4, after they were told one item, which is, there's a five-day permit process you need to go through before you engage in these activities. Now, please note, there's no This is not on the public streets of the city. This is on campus, right? That's correct. It's in a quad area of the campus. Yeah. That's correct, Your Honor. Isn't there a difference? There certainly can be. There absolutely can be. And that is a very good issue that should be fleshed out in the litigation. But as a matter of a prima facie question, one who walks into a community college plaza and holds a pamphlet or says, I'd like to talk to you about an issue that's important to me, the Court doesn't inherently assume that's unconstitutional unless your complaint can prove every the universe of laws doesn't cover it. Okay. This would be a dismissal. What if there's a requirement for a permit? Several things happen. The first question, if there is a requirement, which we have no idea if that's the case, but if there is a requirement for the permit, then several questions arise. Number one, is that a rule or regulation which could ever serve as the basis on which one could arrest someone? In the court below, you didn't raise whether or not the permit process was constitutional. Is that correct? Absolutely. Because we don't believe there is one. In other words, all we — Wait a minute. What I'm getting to is, I don't see that this issue is before us. If you haven't raised the question of whether the permit process itself is in violation of the Constitution, that hasn't been decided. So I don't see how you can argue it here. Let's see. I guess, Your Honor, that's what I thought below, too. And then the Court said that it is undisputed that there is a permit process. Nobody — there was no evidence in the record for that. That has to do with the facts. There's a permit process. We know it. The question is, was that challenged as unconstitutional? And I don't see where in the record that was challenged below as an unconstitutional permit process. If I'm wrong, please straighten me out. Let's see. We did not challenge a permit process of which we had — of which we have no evidence. Let me make — excuse me. The procedural posture of this is very confusing to me. This was a dismissal for failure to state a claim? Yes, Your Honor. A dismissal of the complaint? Yes, Your Honor. The only thing in the record that we have here is a complaint? Yes, Your Honor. Now, how did the issue of the permit process get raised? Your complaint alleges what? The complaint says that Mr. Sullivan, the kind of dean of students type of person, came over to my clients and said, you have to have — you have to get a permit through this five-day permitting process. That's what he said. The complaint does not allege that there was a real permit process, that this was anything other than — Excuse me. It does allege what you just said, that he came up and said that you have to get a permit? Yes. He came up and said you have to get a permit. Doesn't that raise that question? I'm sorry. I didn't hear you. Doesn't that raise that question? Let's see. Your Honor, government officials come up, as we'll find out in the next case I have before you, and say a lot of things. And in the next case, it's you have to be 1,000 feet away from the school. The fact that a government official says something doesn't mean that the plaintiffs have to argue his strange interpretation or manifestation. We're not arguing anything. The complaint is asserting a claim. For what? The complaint asserts that my clients' First Amendment rights were violated when they were peacefully handing out literature and so on in the quad, and they were arrested. That's what the complaint says was the violation. They were told that they needed a permit in order to do that, and they were subject to a citizen's arrest? And they were arrested, not because of not having a permit. They were arrested because of under 626.4. So let me see if I can make this a little — 626.4 being — The penal code. I'm sorry. In this case, there's — As for a citizen's arrest, is that — Yes. Let me — let me break this down, if I might. There's two issues in this case in order to find that there's a 1983 action. If I — if I can convince the Court of either one, then I believe you would — you would reverse the lower court. Number one, there was a First Amendment — there was a First Amendment right — excuse me — my clients' First Amendment rights were violated when a government official had them taken off the campus in the midst of exercising this petitioning activity I've spoken about. Number two, even if you find there was no First Amendment right to be there, if you find it was a violation of the right of search and seizure — well, they were arrested, so obviously they were seized — the question is whether or not that seizure was lawful or unlawful. So I've been spending six — That's your Fourth Amendment question. Exactly. So I've been spending six minutes on the First Amendment, and I don't feel like I've done a very good job of addressing all the fine points, but I'm going to spend at least one or two on the Fourth Amendment, if I might, because I haven't even touched on it. To me, the clearer of the two is the Fourth Amendment is — and I believe the briefing indicates because it's — the Fourth Amendment is a much shorter briefing by all the parties. The Fourth Amendment case is — the reason we contend it's very clear is there's no question they were arrested. Two California state cases say that when someone says you're under citizen's arrest, if the police actually come and carry you away, and that person never does anything, that person is still liable for the arrest, because the officers become transporting and booking officers and not arresting officers. So in your class's example of the, you know, the 90-year-old little old lady who says, you know, that man did such and such, arrest him, even though the — our hypothetical little old lady didn't touch them. Well, is this then not a question of probable cause? Exactly, Your Honor, which is not something that should be dealt with in a complaint on a 12b-6 motion, but is well-suited to them profiling an answer, giving a defense. Did my clients violate 626.4? In order to find a violation of that statute, there has to be a crisis on the campus. That's what the Supreme Court said in Braxton. There has to be property in danger, lives in danger. Okay. Okay. I don't understand why you've abandoned a First Amendment argument, because the district court said that you have alleged — you have failed to allege facts in support of the claim it is undisputed that Santa Barbara City Council at the time plaintiffs who were arrested required a permit for various student activities. Now, it seems to me you have a claim that that's a — that requiring a permit for the exercise of First Amendment rights is a — you know, there's an argument that there's a prior restraint there. Yes. I want to be clear. I'm not abandoning it. It's just I'm mindful of my time. But the district court said there was a — I mean, there was a question as to whether or not this was ever raised. That's why you lost. You never had a — you never had any opportunity to amend the complaint? Is that right? Exactly. In other words, we get — from plaintiffs' perspective, we get hit with this decision that talks about things that are nowhere in the complaint, not adequately — should not be part of the briefing, and the court says it, no chance to amend. Now, I want to be clear. I don't want to deceive the court. The only amendments we would make are basically the several points that I've suggested to the court, which is, A, there was no permit process. B, if there was a permit process, it was unconstitutional. C, even if there — even if the permit process wasn't unconstitutional, it was not properly applied in this case. So, I mean, we're prepared to argue and do all that, but when you get hit with a dismissal with no leave to amend, it gets a little tricky to keep arguing that. It does. But if the district court's at sea on something, they ordinarily like to be advised of it. And did you bring a motion to reconsider? No, I did not. I did not bring a motion to reconsider, Your Honor. So the district court's never had this argument before that you would like to make in amending your complaint? That is true, Your Honor. That is true. It was a — it was a summary — it was a summary dismissal. And, in fact, I believe — I may be wrong — I believe both sides actually said it could be handled just on the papers. And so there was an oral argument by the consent of the parties. And with that, I believe I'm out of time. Thank you. Good morning, Your Honors. If it please the Court. Christine Mollenkopf appearing on behalf of Joseph Sullivan, Vice President of Santa Barbara City College. One of the most important things for this Court to keep in the forefront of its mind when evaluating the claims being asserted by the appellants is that we are talking about a California community college. This is an agency of the state. And therefore, under this Court's holding in Mitchell v. Los Angeles Community College District, the community college has 11th Amendment immunity as an agency of the state. Mr. Sullivan, as an employee of that agency, has immunity arising out of his employer's immunity. He can't be sued? I'm sorry? He can't be sued? Each and every one of the activities that he engaged in while encountering these issues, including his role as a representative of Santa Barbara City College. And in this Court's holding... But there are all kinds of cases where the individual is sued, even though the state can't be. Absolutely, Your Honor. And I would simply point the Court to its ruling, this Ninth Circuit Court's ruling in Mitchell v. Los Angeles Community College District, where this Court held that not only was the I think it was Los Angeles Community College in that circumstance immune from liability under the 11th Amendment in a 1983 claim such as this, they also held that the employees were immune from a 1983 claim such as this. Did the district court rest on immunity? I'm sorry? The district court didn't make an immunity. The district court did not rest on immunity, Your Honor. It was on 12b-6. It was on the allegations of the complaint. Correct. Correct. And the district said there was no allegation that the permit process violated First Amendment rights. Correct. And the plaintiff says we would have amended in order to make that claim. The problem with that assertion, Your Honor, is that in actuality what we're addressing here is the dismissal of the first amended complaint. And in fact, the plaintiffs did have an opportunity to amend their complaint one time in this case. During the opposition phases in the briefing in the lower court, the appellants argued that it was irrelevant whether the permit process that was being enforced by Mr. Sullivan was constitutional or not. Obviously the lower court disagreed. We disagree as well. The constitutionality of a permitting process that Mr. Sullivan is enforcing on behalf of his employer is a condition precedent to there being any violation of a First Amendment right in this case. So focusing again on the First Amendment claim, there are a number of differences that we have to keep in mind because we are talking about a community college in California and not a public forum such as a street or a park. All of the cases cited by the plaintiffs in their new allegation before the court here is that, well, they'll go ahead and they will revise their complaint to now plead that it was unconstitutional under a number of cases. Grossman, NAACP, Rosen, Douglas, these are all cases involving permitting restrictions on in public forums, not in private or in community college settings, which is as the Supreme Court in Widmar v. Vincent has articulated. Is that the grounds for the motion to dismiss? I couldn't find the motion to dismiss. Yes, Your Honor. That was part of the briefing that was set forth in the motion to dismiss, that there was no allegation that the permitting process that was referenced in the plaintiff's complaint made reference to it being unconstitutional. So how can Mr. and Mr. Sullivan have violated any First Amendment rights if there's no allegation that the permit process was unconstitutional? There was a reference to there being a statement about there being a permitting process, but was there any allegation with regard to a permitting process? Well, the complaint was very sparse on its facts. However, the complaint did articulate what was reported to you during the opening statement by counsel, and that is that there was a claim that Mr. Sullivan came up to the protesters, advised them that there was a permitting process if they wished to do so. It required five days' notice in this permitting process. And that's why they were arrested. Ultimately, they were arrested because they refused to comply with the process and refused to leave. With respect to – I'd like to turn just briefly to the Fourth Amendment issues, which are also – yes, I'm sorry. In the argument that was before the district court in plaintiff's opposition to motion to dismiss First Amendment complaint, it's argued on page three, nevertheless, the court disagrees and believes – if the court disagrees and believes the complaint should give a more definite statement in any respect, plaintiffs would request leave to amend with regard to that aspect. So the leave to amend issue did come up during the argument. How did the district court deal with that? Well, my understanding, Your Honor, is that the – well, leave to amend was denied for the reasons that are stated in the opinion. The brief also states that it was the plaintiff's contention in opposition that the permitting process was irrelevant, that whether it was constitutional or not was irrelevant. Obviously, the court disagreed. Was that in this same 11-page motion that I just referred to? It is in the plaintiff's opposition. And it's cited in our brief, Your Honor, as well. Okay. What is the law that says that this five-day permitting process is constitutional? Well, because we're, again, talking about an agency of the State, there are special rules and regulations. There's the California Education Code, Section 76120, that talks about the community college's obligations to protect the freedom of speech of its students on campus and discusses the permitting process, leafleting, and all of those types of activities. With respect to non-students, there is no affirmative obligation by the community college to protect the rights of non-students on its campus. Under federal law, what is the law that establishes that a five-day permitting process for exercise of protected activity is constitutional on the campus, assuming that it's a non-public forum? There is no case law that I've been able to find on the federal level that discusses this issue on a campus setting. So this would be a case of first impression? To my understanding, yes, Your Honor. And it was dismissed on failure to state a claim? Well, it was dismissed, I believe, for failure to state a claim based on the fact that the plaintiffs at the lower level were contending that it was irrelevant and that it is only now on appeal that the plaintiffs are contending that they can amend their complaint to add facts, new facts, that were not previously disclosed to the lower court in order to... On what page in their motion did they say that it's irrelevant, the process is...permit process is irrelevant? It was in their opposition, Your Honor. Let me... I've got it in front of me. If you can give me a page. Well, maybe I don't have it. I just have the excerpt. Your opposition begins on page 10. Yeah, page 9. And then we have 9, 10, 11. And that's all we have in the excerpt of the motion. You might give us that. It's in the record. Yes, I cited it in my brief. And now let me see if I can find it. Well, don't worry about it. Okay. Okay. Oh, here it is. It's plaintiff's opposition to defendant's motion to dismiss first submitted complaint at page 4, lines 23 through 24. Page what? Page 4, lines 23 through 24 of their opposition. Quote, it is irrelevant as to whether the college had valid time, place, and manner rules or not, which was what was provided to the lower court. Okay. Thank you. On the Fourth Amendment claim, I would address, ask this court to review its ruling in Solders v. Lucero 196, F3rd 1040. This is a case, it was also a 1983 claim, and it relates to non-students' rights to be on campus. In fact, in that case, this court held that there is no constitutionally established interest in having access to campuses for non-students. And then Mr. Sullivan was also applying California Penal Code section 626.4, which relates to his ability to exclude someone from campus based on the likelihood that they will interfere with the peaceful conduct of activities on campus. And based upon the fact that he had instructed them regarding this process and they refused, he exercised his rights to revoke their permission to remain on campus. And when they refused to leave, they were arrested. We claim that does not establish a Fourth Amendment violation. Thank you. Will the court allow me 30 seconds, Your Honor? If you feel very, does it relate directly to something that the court asked? Yes. One part is the colloquy about what was in the brief. That's 15 seconds. Thank you, Your Honor. Very briefly. Yes, I do believe she is correct that in our papers we said that it is Irrelevant. Irrelevant. Yeah. But if the court wants us to put something in, we will. The reason we contend, this is what we told the lower court, the reason we contend it's irrelevant is assume that there was a valid constitutional regulation. For instance, don't come on the campus and cause a ruckus. Even if that was a valid regulation, that still doesn't answer the question as to whether the arrest was valid and whether Mr. Sullivan's activities were lawful or not. All it says is there's a lawful regulation, not whether this actor in his individual capacity as he's being sued acted lawfully. Okay. Thank you. Thank you, Your Honor.  Before hearing the last hearing, I would like to ask the court to
judges: Wallace, Hug, Schroeder